IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD C. CARTER, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § |
| | § CIVIL ACTION NO. H-11-561 |
| | § |
| NATIONWIDE PROPERTY AND | § |
| CASUALTY INSURANCE COMPANY, *et al.*, | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND OPINION**

**I.    Background**

This is an insurance dispute arising out of damage caused by Hurricane Ike in September 2008. Richard C. Carter sued his insurer, Nationwide Property and Casualty Insurance Company, and the insurance adjuster who handled his claim, Patricia Bryce.[1] Carter's petition, filed in the 11th District Court of Harris County on January 8, 2011, alleges breach of contract and breach of the duty of good faith and fair dealing against Nationwide and fraud, conspiracy to commit fraud, and violations of the Texas Insurance Code against both defendants. The defendants timely removed to this court on the basis of diversity jurisdiction. (Docket Entry No. 1).

Nationwide and Bryce have each moved to dismiss all Carter's claims except the contract claim against Nationwide. They argue that the petition is deficient under Rules 8 and 9(b) of the Federal Rules of Civil Procedure. (Docket Entry Nos. 3, 17). Carter responds that the petition is

---

[1] The petition names Nationwide Insurance Company of America, Nationwide Mutual Fire Insurance Company, and Nationwide Lloyds as defendants. They moved to dismiss all claims against them because they did not issue Carter's insurance policy. (Docket Entry No. 2). In response, Carter voluntarily dismissed his claims under Rule 41. (Docket Entry Nos. 7, 9).

sufficient and alternatively asks for leave to amend.[2]  (Docket Entries No. 10, 18).  Nationwide and Bryce replied.  (Docket Entries No. 11, 19).

Based on the petition; the motions, responses, and replies; and the relevant law, this court grants the defendants' motions to dismiss, with leave to amend.  Carter must file an amended complaint no later than **July 8, 2011.**  The reasons for the ruling are stated below.

**II.     Analysis**

A claim that a fraud allegation is not made with the particularly required by Rule 9(b) is properly raised by a Rule 12(b)(6) motion for dismissal for failure to state a claim.  *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n.8 (5th Cir. 2009); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  Rule 9(b) states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b).  "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud."  *Thompson*, 125 F.3d at 903 (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).  The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Williams*, 112 F.3d at 177.

The particularity required for pleading fraud depends on the context in which the claims

---

[2]  Carter argues that this court should deny the motions to dismiss because the defendants failed to comply with the conference requirements of Local Rule 7.1.  *See* S.D. TEX. L.R. 7.1(D).  Motions under Rule 12(b) are exempt from Rule 7.1(D).

arise. *See Benchmark Elec., Inc. v. J. M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003); *see also Williams*, 112 F.3d 175, 178 (noting that "courts have emphasized that Rule 9(b)'s ultimate meaning is context-specific"). In the Fifth Circuit, the Rule 9(b) standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they were fraudulent." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). The standard is described as requiring the complaint to allege answers to "newspaper questions" (the "who, what, when, where, and how") of the alleged fraud. *Melder v. Morris,* 27 F.3d 1097, 1100 n.5 (5th Cir. 1994); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 796 (N.D. Tex. 2009). Claims alleging violations under the Texas Insurance Code that are "substantively identical" to fraud are subject to the Rule 9(b) pleading requirements. *Berry*, 608 F. Supp. 2d at 789, 800; *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 825 (N.D. Tex. 2001). Carter alleges Texas Insurance Code violations under §541 based on the same misrepresentations and omissions as his fraud claims. (Docket Entry 1 ¶¶ 42–48, 56–61). The particularity requirements of Rule 9(b) apply.

The defendants argue that the common law fraud and conspiracy to commit fraud claims should be dismissed because they are not sufficiently pleaded under Rule 9(b). The elements of fraud in Texas are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010)

(citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). To plead fraud sufficiently under Rule 9(b), the plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177. The petition does not identify any statement made by Bryce. The petition identifies one statement by Nationwide — a statement in a letter transmitting the repair estimate that it was "prepared using reasonable and customary prices for your geographic area." (Docket Entry No. 1 Ex. 5, ¶ 22). Carter does not explain why this statement was false and does not allege any of the other elements of fraud under Texas law. Carter's claims for common-law fraud and fraud-based statutory claims under the Texas Insurance Code are dismissed as insufficiently pleaded, with leave to amend.

Carter's allegation of conspiracy to commit fraud is derivative of his fraud claim. *Highland Crusader Offshore Partners, LP v. LifeCare Holdings Inc.*, 377 F. App'x 422, 428 (5th Cir. 2010) (unpublished) (per curiam) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)). Because he has failed to state a claim for fraud, he has failed to state a claim for conspiracy to commit fraud. *Cf. id.* (holding that summary judgment was appropriate on a claim of civil conspiracy to commit fraud when summary judgment was appropriate for the underlying fraud claim). The conspiracy claim is dismissed, with leave to amend.

The remaining claims against the defendants are also vague. In both the factual background section and the section setting out the causes of action, the petition essentially repeats the language of §§ 541 and 542 of the Texas Insurance Code and alleges a breach of the duty of good faith and fair dealing. Conclusory allegations that do no more than repeat the elements of the claim are insufficient under Rule 8 of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 555; *see*

4

*also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544 at 555).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). The motions to dismiss are granted, with leave to amend.

**IV.    Conclusion**

The defendants' motions to dismiss are granted. Carter must file an amended complaint no later than **July 8, 2011.**

SIGNED on June 6, 2011, at Houston, Texas.

                                            Lee H. Rosenthal
                                        United States District Judge